[Civ. No. 2618. Second Appellate District, Division One.—March 4, 1919.]

CALVIN PEARSON, Appellant, v. H. K. WHEELER, as Administrator, etc., Respondent.

[1] BROKERS — ACTION FOR SHARE OF COMMISSION ON SALE OF REAL ESTATE.—In this action against defendant's intestate upon an alleged oral contract to assist defendant in locating land and to assist in selling the same, for a consideration of one-third of the commission received by defendant's intestate on the sale of the land, a nonsuit was properly granted, the evidence failing to prove that defendant's intestate received any commission on the sale as made.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Randall & Bartlett for Appellant.

John H. Miller for Respondent.

CONREY, P. J.—Plaintiff appeals from a judgment of nonsuit.

The plaintiff alleges that he entered into an oral contract with J. Kittredge Wheeler whereby plaintiff was to render services to Wheeler in locating and examining land for particular purposes specified by Wheeler; that plaintiff should assist Wheeler in selling any land so located and examined; that

out of any sale consummated in pursuance of said contract
Wheeler would pay or cause to be paid to the plaintiff one-
third of any commission received by Wheeler from the sale of
any such lands. Plaintiff further alleged that he performed
all services which by the terms of said contract were to be per-
formed by him; in particular that the plaintiff located and
examined a tract of land in Madera County, known as the
Lauganour tract, and assisted Wheeler in selling the same;
that out of the sale of said tract defendant received as com-
mission therefor the sum of nine thousand dollars; that plain-
tiff became entitled to one-third of said commission, but that
Wheeler refused to pay and has not paid to plaintiff the same
or any part thereof.

The answer, which was filed by Wheeler, denied that he en-
tered into any contract with the plaintiff whereby the plain-
tiff was to render services to the defendant in locating and
examining land. As there is no evidence in the record tend-
ing to show that the contract included any such purpose or
any agreement concerning the same, we may dismiss that ele-
ment of the case from further consideration. The answer
"admits that it was agreed between the said plaintiff and the
defendant that the plaintiff should have one-third ($\frac{1}{3}$) of any
commission earned for the sale of the tract of land known as
the Phil Lauganour Tract, if the said plaintiff and said de-
fendant should be successful in selling said land." The an-
swer admitted that the plaintiff did take defendant to see the
Lauganour tract and defendant examined the same; denied
that the plaintiff assisted the defendant in selling said tract;
denied that out of the sale thereof the defendant received a
commission of nine thousand dollars, and denied that the
plaintiff was according to the terms of any contract between
them entitled to one-third of nine thousand dollars; admitted
that the plaintiff and the defendant co-operated in an effort to
sell said tract of land, and that if said sale had been made as
the result of the effort of the plaintiff and the defendant, the
plaintiff would have been entitled to one-third of the commis-
sion which might have been earned; denied that the defendant
received as a commission for the sale of said tract the sum of
nine thousand dollars or any other sum, but, on the contrary,
alleged that the defendant became the purchaser thereof;
admitted that there was an understanding between the plain-
tiff and the defendant that if the defendant should effect the

sale of any lands which the plaintiff had for sale, the commission earned and paid should be equally divided; alleged that no sales were made by the plaintiff and the defendant under said understanding, and that no services were rendered by the plaintiff to the defendant, except plaintiff did show to the defendant certain tracts of land which he desired to sell; alleged that the plaintiff was paid a large sum of money by the agent who held the option and through whom the defendant purchased the said Lauganour tract.

[1] The evidence produced by the plaintiff at the trial of this action did not tend to establish the existence of any contract for the division of commissions between the plaintiff and Wheeler other than the terms of agreement as admitted in the answer. Therefore, it only remains necessary to see whether the evidence shows that Wheeler received a commission for the sale of said land, and, if he did receive such commission, determine whether the plaintiff, under the terms of the contract as admitted, became entitled to a part thereof.

The evidence shows that at the time when Wheeler was negotiating for this land he was acting for or in connection with one C. J. Bills; the consideration was paid partly in money and partly by the execution of a mortgage for the remainder of the purchase price. The money was paid by Bills, but the deed was made to Wheeler, and Wheeler, together with his wife, executed the mortgage. Following that transaction, Wheeler conveyed the property to Bills, subject to the mortgage. Wheeler and Bills conducted their negotiations with a real estate partnership which held an option on the property. Gus W. Anderson, a member of that firm, testified that in figuring out the sale price of the land the gross purchase price named was $195,739; that no commission was paid, but the sum of five per cent was deducted from the purchase price and counted as a commission; that the actual price paid (which necessarily would include the mortgage) was $185,953. Presumably, on account of the death of Mr. Wheeler and the consequent disability of the plaintiff to testify concerning the transaction, there is no evidence either from Wheeler or from the plaintiff as to whether any commission was actually received by Wheeler. The record is equally wanting in direct testimony showing whether Wheeler made a resale of the property to Bills, thereby obtaining some profit to himself, or whether Bills was the actual original purchaser, taking the

property in the name of Wheeler. The latter inference is more strongly indicated by the evidence. Bills himself, called as a witness by the plaintiff, testified that not a cent of commission was paid on that deal, and that Wheeler did not get out of it one cent, directly or indirectly. Unusual as this circumstance may seem, it stands absolutely uncontradicted. The nonsuit was properly granted upon the stated ground that the evidence failed to prove that Wheeler received any commission on the sale as made.

The judgment is affirmed.

Shaw, J., and James, J., concurred.